UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULTRA DAIRY LLC,<br><br>               Plaintiff,<br><br>- against -<br><br>GEORGE CONRAD, JOHN DOES 1-5 and XYZ CORPORATIONS 1-5,<br><br>               Defendants. | Case No.  5:19-CV-1353 (DNH/ATB)<br><br>**COMPLAINT**<br><br>**PLAINTIFF DEMANDS<br>A TRIAL BY JURY** |

Plaintiff ULTRA DAIRY LLC ("Plaintiff") by and through its attorneys, Venable LLP, as and for its Complaint against defendants GEORGE CONRAD, JOHN DOES 1-5 and XYZ CORPORATIONS 1-5 ("Defendants") alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff is the victim of a computer fraud instigated by unknown criminals with the assistance of George Conrad. Plaintiff believes that these criminals accessed Plaintiff's computer system. Using information that they obtained illegally, these criminals were able to pose as Plaintiff's trusted contractor for a $40 million construction project, The Hayner Hoyt Corporation. The criminals convinced Plaintiff to wire over $1.8 million to an account at Wells Fargo Bank that they claimed was Hayner Hoyt's account. That account appears to have been opened by an entity called The Perry Law Group, in Atlanta, GA.

1.      The money that Plaintiff wired to Wells Fargo Bank has vanished. A portion of that money was wired from Wells Fargo Bank to George Conrad. Plaintiff brings this action in order to determine the identity and whereabouts of the unknown Defendants, to located its missing money, and to recover for the damages Plaintiff has suffered as a result of Defendants' actions.

## PARTIES

2. Plaintiff Ultra Dairy LLC is a corporation organized under the laws of the State of New York, with its principal place of business at 2394 U.S. Route 11, Lafayette, New York 13084.

3. Upon information and belief, the individual defendant George Conrad is a citizen of Canada and resides at 5559 44th Avenue, Red Deer, Alberta, Canada T4N 7A8.

4. Upon information and belief, the John Doe and XYZ Corporation defendants are individuals and/or business entities that acted in connection with the matters alleged herein. Plaintiff is unaware of the true names and capacities of Defendants sued herein as John Does and XYZ Corporations and therefore sues Defendants by such fictitious names. Plaintiff will amend this Complaint to allege Defendants' true name and capacities when ascertained. Plaintiff will exercise due diligence to determine Defendants' true names, capacities, and contact information, and to effect service upon those Defendants.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the action is between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims made herein occurred in this District.

7. Personal jurisdiction over the Defendants is proper, in that upon information and belief, Defendants: (i) transact business within the state and/or contract anywhere to supply goods or services in the state; and/or (ii) committed tortious acts without the state causing injury to person or property within the state, and Defendants regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from interstate or international commerce.

**FACTS**

8. On or about December 1, 2018, Plaintiff, a processor of ultra-pasteurized dairy products, hired a construction company, The Hayner Hoyt Corporation ("Hayner Hoyt"), to perform a construction project at one of Plaintiff's production facilities (the "Project"). The Project has a total estimated cost of approximately $40 million.

9. Work on the Project is ongoing. Under Plaintiff's agreement with Hayner Hoyt, Hayner Hoyt invoices Plaintiff on a periodic basis for payment as work is completed. From the beginning of the Project until in or about July of 2019, Plaintiff paid Hayner Hoyt's invoices by check.

10. In or about July of 2019, Plaintiff received emails that appeared to originate from a Senior Accounting Specialist at Hayner Hoyt, requesting future payments to Hayner Hoyt to be made by ACH into Hayner Hoyt's bank account. The emails were accompanied by an enrollment request letter bearing the name and apparent signature of Jeremy Thurston, President of Hayner Hoyt, and a voided check bearing the name of Hayner Hoyt Construction, with routing information for an account at Wells Fargo Bank.

11. On or about August 14 and August 15, 2019, Plaintiff received two invoices from Hayner Hoyt totaling $1,858,250.21 for work on the Project.

12. On or about September 12, 2019, Plaintiff authorized a wire transfer in the amount of $1,858,250.21 from its bank account at M&T Bank to the account at Wells Fargo Bank that it believed to be Hayner Hoyt's account (the "Wire Transfer").

13. On or about October 3, 2019, Hayner Hoyt informed Plaintiff that it never received the Wire Transfer. Hayner Hoyt also has denied: (i) requesting Plaintiff to make future payments to Hayner Hoyt by ACH into its bank account; (ii) providing an enrollment request letter to Plaintiff bearing the name and apparent signature of Jeremy Thurston, President of Hayner Hoyt;

3

and (iii) providing Plaintiff with any information regarding an account at Wells Fargo Bank, including a voided check bearing the name of Hayner Hoyt Construction, with routing information for such an account.

14. Upon information and belief, at some point between September 12, 2019 and October 3, 2019, a portion of the $1,858,250.21 transferred into the account at Wells Fargo Bank by means of the Wire Transfer was transferred out of Wells Fargo Bank to George Conrad's account. Upon information and belief, the remaining portion of the Wire Transfer was transferred out of Wells Fargo Bank to other accounts and accountholders controlled by Defendants. The current whereabouts of Plaintiff's funds is unknown to Plaintiff.

15. Upon information and belief, the Wells Fargo Bank account was never in the name of Hayner Hoyt, but instead was in the name of The Perry Law Group of Atlanta, Georgia.

16. Plaintiff is investigating all aspects of the Wire Transfer, including a forensic analysis into whether Defendants had unauthorized access to Plaintiff's and/or Hayner Hoyt's computer systems.

17. Plaintiff also reported this matter to the Federal Bureau of Investigation (the "FBI") and the FBI is also investigating this matter.

## FIRST CLAIM FOR RELIEF
### (Fraud)

18. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

19. By means of knowingly false representations and omissions, including as alleged above, Defendants intended to and did in fact cause Plaintiff to send the Wire Transfer.

20. Plaintiff reasonably relied on Defendants' false and misleading representations and omissions as alleged above in sending the Wire Transfer.

21. Plaintiff has suffered damages as a direct and proximate result of the foregoing.

22. Defendants' bad faith and malicious, willful, reckless, wanton, and fraudulent actions warrant the imposition of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF
### (Conversion)

23. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

24. Plaintiff is the owner of the specific funds that were transferred by means of the Wire Transfer from M&T Bank to Wells Fargo Bank, in the amount of $1,858,250.21.

25. Defendants have intentionally, willfully, wantonly, wrongfully and maliciously interfered with Plaintiff's ownership of, and upon information and belief are in possession of, Plaintiff's property.

26. Plaintiff has suffered damages as a result of the foregoing, including in the amount of $1,858,250.21.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

(a) For a judgment in the amount of the Wire Transfer, the sum of $1,858,250.21, plus interest;

(b) For actual damages, consequential damages, and punitive damages to be determined at trial, plus interest;

(c) For an award of reasonable attorney's fees and costs; and

(d) For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED:  November 1, 2019    Respectfully submitted,

VENABLE LLP

By: Jessie F. Beeber
   Jessie F. Beeber

*Attorneys for Ultra Dairy LLC*
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel: (212) 307-5500
Fax: (212) 307-5598